# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **ALEXANDER RAHEB** : | |
|        **Plaintiff** : | |
| : | |
| v. : | CA No.: |
| : | |
| **DELAWARE NORTH – BOSTON d/b/a** : | |
| **TD GARDEN and UG2 LLC.** : | JURY TRIAL DEMANDED |
| : | |
|        **Defendant(s).** : | |

## COMPLAINT

## PARTIES AND JURISDICTION

1. Plaintiff Alexander Raheb ("Plaintiff") is a resident of Lincoln, Rhode Island.

2. Defendant Delaware North – Boston d/b/a TD Garden (hereinafter "TD Garden"), is a Massachusetts corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 100 Legends Way, Boston, MA 02114.

3. Defendant UG2 LLC (hereinafter "UG2 LLC") is a Massachusetts Domestic Limited Liability Company with its principal place of business located at 116 Huntington Ave., 12th Floor, Boston, MA 02116.

4. This Honorable Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a).

5. The amount in controversy exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests and costs.

## FACTS

6. On or about April 13, 2019, Plaintiff Alexander Raheb attended a Boston Bruins game located at TD Garden.

7. At all relevant times herein, Plaintiff was in the exercise of due and reasonable care for his own safety and well-being.

8. At all relevant times herein, Defendant Delaware North owned and operated TD Garden, a 19,600-seat sports arena located at 100 Legends Way, Boston, MA 02116.

9. At all relevant times herein, Defendant UG2, LLC was contracted by Defendant TD Garden to conduct all maintenance and janitorial services for TD Garden.

10. During events at TD Garden, food and beverages are sold to patrons on the concourse.

11. Beverages, including beer, sold at TD Garden are contained in plastic cups that do not have lids.

12. The only way for patrons to get from the concession stand back to their seats, exits, or bathrooms, is to walk across the concourse.

13. Shortly before the Bruins game on or about April 13, 2019, Plaintiff and his friend went to the concession stand.

14. Plaintiff purchased a hot dog and a beer.

15. Plaintiff and his friend then proceeded from the concession stand onto the tile floor 40 to 50 feet from the section where their seats could be accessed.

16. The National Anthem had not yet been sung.

17. While still on the same level as the concession stand, Plaintiff slipped and fell on a slippery surface already on the floor of the concourse at TD Garden.

18. Plaintiff landed on his left kneecap, completely rupturing his left quad tendon.

19. Several Emergency Medical Technicians ("EMT") arrived quickly and before Plaintiff Alexander Raheb could get up off the floor.

20. The EMT's checked Plaintiff's vital signs while he remained on the floor.

21. Plaintiff was only able to stand with assistance after falling.

22. Plaintiff was unable to move his leg or walk after falling.

23. Plaintiff was put in a wheelchair.

24. After the EMT Personnel had placed Plaintiff in a wheelchair, a TD Garden employee placed a yellow "wet floor" sign on the ground where Plaintiff fell.

25. Plaintiff was transported to Mass General Hospital via ambulance.

## COUNT I: NEGLIGENCE OF TD GARDEN

26. Defendant TD Garden, by and through its agents, servants, representatives and employees (hereinafter TD Garden), owed a legal duty of care to Plaintiff to keep and maintain its property and premises, including its concourse level, in a safe condition, free from slippery surfaces.

27. TD Garden owed a legal duty of care to warn its customers, including Plaintiff, of any existing hazards and dangerous conditions.

28. TD Garden knew or should have known by the exercise of reasonable care that the concourse level of TD Garden was a high-risk area for injury and that injury was reasonably likely to occur unless TD Garden took reasonable steps to provide properly cleaned, maintained, and dry floors.

29. TD Garden could reasonably have foreseen the unsafe condition of having drinks be jostled and spilled on the concourse floor because the wet floor resulted from TD

Garden's mode of operation of allowing drinks to be sold in plastic cups with no lids that patrons had to transport from the concession stand to their seats in the arena.

30. TD Garden by and through their agents, servants, representatives, and employees, breached their legal duty of care to keep and maintain the concourse level in question in a reasonably safe condition by failing to prevent liquid from being on the concourse floor.

31. As a direct and proximate cause of the negligence of the employees, agents, servants and/or representatives of TD Garden, Plaintiff was injured when he slipped and fell due to a liquid on the floor on the premises of the TD Garden.

32. As a direct and proximate cause of the negligence of the employees, agents, servants and/or representatives of TD Garden, Plaintiff was injured, suffered great pain, required surgery to fix the injury, was unable to perform his usual daily activities, incurred medical bills of approximately $45,000, and suffered a loss of wages from his job as a Rhode Island Real Estate Attorney.

## COUNT II: NEGLIGENCE OF UG2, LLC

33. Defendant UG2 LLC, by and through its agents, servants, representatives and employees (hereinafter UG2 LLC), owed a legal duty of care to Plaintiff to keep and maintain its property and premises, including its concourse level, in a safe condition, free from slippery surfaces.

34. UG2 LLC owed a legal duty of care to warn its customers, including Plaintiff, of any existing hazards and dangerous conditions.

35. UG2 LLC knew or should have known by the exercise of reasonable care that the concourse level of TD Garden was a high-risk area for injury and that injury was

reasonably likely to occur unless UG2 LLC took reasonable steps to provide properly cleaned, maintained, and dry floors.

36. UG2 LLC could reasonably have foreseen the unsafe condition of having drinks be jostled and spilled on the concourse floor because the wet floor resulted from TD Garden's mode of operation of allowing drinks to be sold in plastic cups with no lids that patrons had to transport from the concession stand to their seats in the arena.

37. UG2 LLC by and through their agents, servants, representatives, and employees, breached their legal duty of care to keep and maintain the concourse level in question in a reasonably safe condition by failing to prevent liquid from being on the concourse floor.

38. As a direct and proximate cause of the negligence of the employees, agents, servants and/or representatives of UG2 LLC, Plaintiff was injured when he slipped and fell due to a liquid on the floor on the premises of the TD Garden.

39. As a direct and proximate cause of the negligence of the employees, agents, servants and/or representatives of UG2 LLC, Plaintiff was injured, suffered great pain, required surgery to fix the injury, was unable to perform his usual daily activities, incurred medical bills of approximately $45,000, and suffered a loss of wages from his job as a Rhode Island Real Estate Attorney.

40. Based on all the above, Defendants TD Garden and UG2, LLC are jointly and severally liable for Plaintiff's pain and suffering, economic harm and such other damages as are necessary and appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants TD Garden and UG2, LLC.

reasonably likely to occur unless UG2 LLC took reasonable steps to provide properly cleaned, maintained, and dry floors.

36. UG2 LLC could reasonably have foreseen the unsafe condition of having drinks be jostled and spilled on the concourse floor because the wet floor resulted from TD Garden's mode of operation of allowing drinks to be sold in plastic cups with no lids that patrons had to transport from the concession stand to their seats in the arena.

37. UG2 LLC by and through their agents, servants, representatives, and employees, breached their legal duty of care to keep and maintain the concourse level in question in a reasonably safe condition by failing to prevent liquid from being on the concourse floor.

38. As a direct and proximate cause of the negligence of the employees, agents, servants and/or representatives of UG2 LLC, Plaintiff was injured when he slipped and fell due to a liquid on the floor on the premises of the TD Garden.

39. As a direct and proximate cause of the negligence of the employees, agents, servants and/or representatives of UG2 LLC, Plaintiff was injured, suffered great pain, required surgery to fix the injury, was unable to perform his usual daily activities, incurred medical bills of approximately $45,000, and suffered a loss of wages from his job as a Rhode Island Real Estate Attorney.

40. Based on all the above, Defendants TD Garden and UG2, LLC are jointly and severally liable for Plaintiff's pain and suffering, economic harm and such other damages as are necessary and appropriate.

WHEREFORE, Plaintiff demands judgment against Defendants TD Garden and UG2, LLC.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a trial by jury.

                                            Alexander Raheb,
                                            By his attorney,

                                            */s/ Casby Harrison*
                                            Casby Harrison
                                            Harrison Law Associates
                                            807 Broad Street, Suite 100
                                            Providence, RI 02907
                                            401-467-2000
                                            casby@casbyharrison.com

Dated: March 11, 2021